## JOHN MIXER *versus* JOHN HOWARTH.

The original counts in a writ were for work and labor done and materials found, and in his specification the plaintiff claimed the price of a carriage sold and delivered. He amended by filing a count upon an agreement by the defendant to take and pay for a carriage to be built by his order. *Held*, that the counts were for the same substantive cause of action and the amendment rightly allowed.

The defendant went to the plaintiff's shop and selected a lining for a carriage. The plaintiff had on hand the body of a carriage nearly finished but not lined, and upon a conversation between them it was understood that the plaintiff was to finish carriage for the defendant in a fortnight, and the unfinished carriage was completed accordingly, and the defendant had notice thereof and was requested to take it away. It was *held*, that this was not a contract of sale, but an agreement with a workman to construct an article for his employer, and therefore was not within the statute of frauds and need not be proved by a memorandum in writing.

ASSUMPSIT. Trial before *Wilde* J. The writ contained the common counts for work and labor, and materials found, &c. In the Common Pleas the plaintiff filed a specification, claiming to recover $250, the price of a buggy sold and delivered to the defendant. In this Court he filed an additional specification, claiming for work and labor, and materials furnished the defendant, at his request, upon the same article, $250 ; and likewise a count setting forth a special contract, that the plaintiff should build a buggy, and that the defendant should take and pay for the same, with the usual necessary averments. To this last count the defendant objected, because it was not for the same cause of action and not consistent with the original declaration ; but the amendment was allowed without terms.

The testimony of witnesses produced by the plaintiff had a tendency to prove, that in September, 1836, the defendant came into the plaintiff's shop and selected a piece of cloth for the lining of a buggy ; that the plaintiff then had on hand the body of a buggy, nearly finished, but not lined ; that by a conversation between the parties, it was understood that the plaintiff was to finish a buggy for the defendant in a fortnight from that time ; and that the unfinished buggy was completed accordingly, and the defendant had notice thereof and was requested to take it away, but he declined so to do. The witnesses were allowed to testify as to the estimated value of

<div style="margin-left-note">Mixer<br>v.<br>Howarth.</div>

the trimmings and other materials used in finishing the buggy, and of the plaintiff's work and labor thereon. A witness named Scadding, testified that at the time when the defendant went to the plaintiff's shop, the plaintiff had but one carriage body on hand not lined ; that the plaintiff had on hand several buggies partly finished ; that the witness did not know of any thing done in consequence of any application made by the defendant, except that the plaintiff had before that time told him that he should not complete any more buggies that fall, unless ordered, and after this a buggy was finished ; that no account was kept of any labor or materials ; and that the witness knew nothing of any work done except upon the body.

The defendant moved for a nonsuit, because the contract, if any, was void by the Revised Stat. c. 74, § 4 (of frauds) ; but the judge intimating a different opinion, a verdict was taken for the plaintiff, subject to the opinion of the whole Court.

<div style="margin-left-note">Jan. 24th, 1839, at Boston.</div>

*Hazen* and *Cummins*, for the defendant, insisted that the contract was substantially a sale ; that the work to be done had reference to the sale, and no account was kept of the labor and materials ; and that as a sale, the contract was void by the statute of frauds. Revised Stat. c. 74, § 4 ; *Garbutt* v. *Watson*, 5 Barn. & Ald. 613 ; *Atkinson* v. *Bell*, 8 Barn. & Cressw. 283 ; *St.* 9 *Geo.* 4, *c.* 14, § 7 ; *Maberly* v. *Sheppard*, 1C Bingh. 99 ; *Dole* v. *Stimpson, post,* 384 ; *Rondeau* v. *Wyatt,* 2 H. Bl. 66. If viewed as a contract for labor and as a sale, being void as to the sale, it is wholly void. *Chater* v. *Beckett,* 7 T. R. 201 ; *Loomis* v. *Newhall,* 15 Pick. 169.

*L. Williams,* for the plaintiff, argued that the contract was not within the statute. *Towers* v. *Osborne,* 1 Str. 506 ; *Cooper* v. *Elston,* 7 T. R. 16 ; *Groves* v. *Buck,* 3 Maule & Selw. 178 ; *Crookshank* v. *Burrell,* 18 Johns. R. 58 ; *Sewall* v. *Fitch,* 8 Cowen, 215 ; *Eichelberger* v. *McCauley,* 5 Harr. & Johns. 214.

<div style="margin-left-note">Feb. 1st, 1839.</div>

SHAW C. J. delivered the opinion of the Court. The first question is, whether the amendment was rightly allowed. The original count was for a carriage sold and delivered, with counts for labor and materials, &c. And in the specification the plaintiff claimed the price of the carriage. The new count was upon an agreement by the defendant, to take and pay for a carriage to be built by his order and request.

<div style="text-align: right">Mixer
*v.*
Howarth.</div>

The Court are of opinion that these were for the same substantive cause of action, and that the amendment was admissible and rightly allowed. And in a similar case recently decided in England, *Bayley* J. stated that in his opinion the plaintiff could not recover as for goods sold, because the property had not passed ; but he also expressed his opinion, that on payment of costs, the nonsuit ought to be set aside, and the plaintiff allowed to amend by adding counts on the agreement and for not accepting the goods. *Atkinson* v. *Bell*, 8 Barn. & Cressw. 277.

But the main question is, whether this contract for the sale of the carriage was within the statute of frauds and so void, if not proved by a note or memorandum in writing. Revised Stat. *c.* 74, § 4.

It is very clear, we think, that by this contract no property passed to the defendant. The carriage contemplated to be sold by the plaintiff to the defendant, did not then exist. It was to be constructed from materials, partly wrought indeed, but not put together. It was therefore essentially an agreement by the defendant with the plaintiff, to build a carriage for him, and on his part to take it when finished and pay for it, at an agreed or at the reasonable value. This is a valid contract and made on a good consideration, and therefore binding on the defendant.· But it was not a contract of sale, within the meaning of the statute of frauds, and therefore need not be proved by a note in writing

When the contract is a contract of sale, either of an article then existing, or of articles which the vendor usually has for sale in the course of his business, the statute applies to the contract, as well where it is to be executed at a future time, as where it is to be executed immediately. *Cooper* v. *Elston*, 7 T. R. 14 ; *Sewall* v. *Fitch*, 8 Cowen, 215. But where it is an agreement with a workman, to put materials together and construct an article for the employer, whether at an agreed price or not, though in common parlance it may be called a purchase and sale of the article, to be completed *in futuro*, it s not a sale until an actual or constructive delivery and acceptance ; and the remedy for not accepting is on the agreement.

<div style="text-align: center">*Judgment on the verdict.*</div>